FILED

JAN 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PEREZ, on behalf of himself and others similarly situated, | No. 12-55657 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-08653-RGK-FFM |
| v. | |
| SAFELITE GROUP INC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Joseph Perez appeals from the district court's denial of his class certification motion. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the denial of class certification and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Perez, wishing to engage in discovery prior to class certification, stipulated with Safelite to extend the class certification deadline. The district court denied the stipulation without reasoning. Perez then moved to continue the class certification deadline in order to engage in precertification discovery. The district court denied the motion without reasoning. Perez then filed a timely motion to certify the class, and again stated that precertification discovery was appropriate. The district court denied the class certification motion because there was insufficient evidence to establish the job duties performed by class members other than Perez. The district court did not address the need for precertification discovery.

The district court abused its discretion when it failed to grant Perez's requests for precertification discovery for two reasons. First, the plaintiff in a class action "bears the burden of . . . showing that . . . discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Once this showing is made, it is an abuse of discretion to deny precertification discovery. *Id.* (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Perez submitted documentation and testimony concerning his employment with Safelite, and has met his burden to show that discovery is likely to substantiate the class allegations by showing that Perez's experiences are common to those of other employees with the same job title.

2

Second, failing to allow precertification discovery where it is necessary to determine the existence of a class is an abuse of discretion. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). The district court denied class certification because Perez did not have evidence about other employees with his job title, which shows that discovery is necessary to determine the existence of a class in this case. Perez is therefore entitled to precertification discovery on remand.

Perez's challenge to Central District of California Local Rule 23-3 is without merit because the timing of class certification is committed to the discretion of the district judge and Rule 23-3 allows extension of the 90-day certification deadline by order of the court. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092-94 (9th Cir. 2011).

Costs are awarded to appellant.

**VACATED** and **REMANDED.**